**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Board of Regents et al., ) | No. CV 12-02498-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Seattle Genetics Inc., et al., ) | |
| Defendant. ) | |

The court has before it plaintiffs' motion to remand (doc. 15), defendant's response (doc. 20), plaintiffs' reply (doc. 33), defendant's motion to sever or in the alternative dismiss (doc. 17), plaintiffs' response (doc. 29), and defendant's reply (doc. 37).

Plaintiffs filed this action in the Superior Court of Arizona in Maricopa County to enforce the terms of a 2003 Material Transfer Agreement ("MTA") between Arizona State University ("ASU") and defendant. Defendant removed this action on the basis of diversity jurisdiction. Plaintiffs seek to remand this action arguing that complete diversity is lacking.

Defendant may remove a state court action only if it might have been brought here originally. 28 U.S.C. § 1441(a). We strictly construe the removal statute and reject jurisdiction "if there is any doubt as to the right of removal in the first instance." See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal must prove by a preponderance of the evidence that removal is proper. Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Plaintiffs move to remand because the Arizona Board of Regents ("ABOR") and Arizona State University ("ASU") are not "citizens of a state" within the meaning of 28 U.S.C. § 1332. Defendant argues that this court should drop ABOR and ASU pursuant to Rule 21, Fed. R. Civ. P., and retain jurisdiction only to transfer the action to the Western District of Washington. Defendant asserts that ABOR is not a proper or necessary party because it did not sign the MTA, and that ASU assigned its interests in property arising from technology licensing to Arizona Science and Technology Enterprises, LLC ("AzTE"). Plaintiffs counter that (1) the MTA is between defendant and ASU, which also signs for ABOR; (2) the MTA has never been assigned to AzTE; and (3) ABOR retains ownership of all materials, know how, and intellectual property created by ASU. Defendant concedes that plaintiffs have submitted documentary evidence supporting these facts. See Doc. 37 at 2.[1]

Rule 21, Fed. R. Civ. P. authorizes the court to "at any time, on just terms, add or drop a party." It also affords us discretion to perfect diversity jurisdiction by dropping a nondiverse party, provided it is not indispensible under Rule 19, Fed. R. Civ. P. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277–78 (9th Cir. 1980). Under Rule 19(b), a party is indispensible if the court cannot accord complete relief without the party, or the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may as a practical matter impair or impede the [party's] ability to protect the interest . . . ." Fed. R. Civ. P. 19(a)(1).

ABOR and ASU are indispensable parties because they are parties to the MTA, and thus have a direct interest in enforcing the agreement that is the subject of this action. We cannot accord complete relief for the alleged breach of contract without ABOR and ASU. Moreover, dismissing them would impair their ability to protect their interest in ASU's

---

[1] In its reply in support of its motion to sever (doc. 37), defendant argues that in the alternative we should dismiss AzTE. We do not consider arguments raised for the first time in a reply. See Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived").

1  materials and intellectual property. Finally, it is not in the interest of judicial efficiency to
2  force ABOR and ASU to bring a separate action in state court and proceed in a case
3  substantially similar to this one. Therefore, we deny defendant's motion to sever ABOR and
4  ASU.

5  ABOR and ASU are not "citizens" within the meaning of 28 U.S.C § 1332. Ronwin
6  v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981).[2] As a result, even though AzTE and
7  defendant are of diverse citizenship, this action is not entirely between "citizens of different
8  states." We do not have diversity jurisdiction. The Superior Court is the proper forum for
9  this action. Because we do not have subject matter jurisdiction, we do not consider
10 defendant's motion to transfer venue or in the alternative dismiss.

11 Plaintiffs seek an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c),
12 which allows fees and costs where removal is wrongful as a matter of law. Balcorta v.
13 Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000). Because
14 defendant's removal is wrongful as a matter of law, an award of fees and costs to plaintiffs
15 is warranted. If the parties are unable to agree on a reasonable sum, they may file supporting
16 documentation and memoranda pursuant to LRCiv 54.2

17 **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 15), and
18 **REMANDING** this action to the Superior Court of Arizona in Maricopa County for lack of
19 federal subject matter jurisdiction.

20 **IT IS FURTHER ORDERED DENYING** defendant's motion to sever or in the
21 alternative to dismiss (doc. 17).

22 DATED this 29th day of April, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

---

[2] Although Article III of the Constitution extends federal judicial power to controversies "between a State and Citizens of another State," Congress has not conferred jurisdiction under this provision on the district court. Ohio v. Whyandotte Chemicals Corp., 401 U.S. 493, 499 n. 3, 91 S. Ct. 1005, 1010 n. 3 (1971).

- 3 -